**Lee BROWN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17237.**

United States Court of Appeals
Fifth Circuit.

April 21, 1960.

James D. McGovern, Jr., New Orleans, La., for appellant.

M. Hepburn Many, U. S. Atty., New Orleans, La., for appellee.

Before TUTTLE, BROWN and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

This appeal from a conviction for falsely making and filing a non-Communist affidavit raises only one serious issue: was there reversible error in the Trial Court's charge that the making, using or filing element of the offense would be satisfied if the jury found that Appellant "made, or if he used, or if he filed this document * * * ?"

Although numerous grounds of appeal are here raised by the Appellant touching on adequacy of proof of Communist Party membership at the time of signing the affidavit, the actual making of the affidavit, and its filing with the National Labor Relations Board, we find that none of these raises a substantial issue. Similar questions have been disposed of by us and other Courts of Appeals. See Jencks v. United States, 5 Cir., 226 F.2d 540, reversed on other grounds 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. So also, as to the adequacy of the indictment. However, as the government in its brief here frankly recognizes, a much more serious question is raised by one important part of the judge's charge. The court charged that there were five elements involved in the alleged crime, (1) the matter must be within the jurisdiction of an agency of the United States; (2) it must be shown that the defendant "made, used or filed or caused to be made, used or filed, this document"; (3) the document must be proved to be false; (4) at the time the document was executed the defendant knew that it was false, and (5) the offense must have been committed knowingly and willfully.

While outlining the five essential elements necessary for the finding of a verdict of guilt the court gave the charge here excepted to, saying:

"Now, element No. 2 is that it must be shown to your satisfaction beyond a reasonable doubt that this defendant made, used, or filed or caused to be made, used and filed, this document. Now, the indictment charges by using the word 'and', and the court uses the word 'or', but under the law if it is shown to your satisfaction beyond a reasonable doubt that this defendant made, or if he used or if he filed this document, or if he caused the document to be made, used or filed, then this particular element of the offense would be satisfied".

Although the statute under which the indictment was drawn does use the terms "makes or uses any false writing * * *" the government concedes: "The essence of the prior holdings in cases of this nature is that the 'gist' of the offense for which appellant was indicted is the filing of a false affidavit. The making of such a false affidavit, in and of itself, is of no legal significance in such a prosecution for false swearing, and takes on no legal significance unless and until such time as the affidavit has been delivered to the Board to be placed on file under the provisions of Section 9(h) of the Labor Management and Relations Act of 1947." This proposition, the government points out, is based on the cases of Hupman v. United States, 6 Cir., 219 F.2d 243; Sells v. United States, 10 Cir., 262 F.2d 815; United States v. Valenti, 3 Cir., 207 F.2d 242. We might also add that in Jencks v. United States, supra, we said in a similar prosecution, "the essence of the offense charged by the Government is the filing of the affidavit and the burden rested on it to prove that appellant filed the affidavit or caused it to be filed". 226 F.2d 540, 545.

 The reasoning of the courts which have considered this precise question is that one of the ingredients of the crime is that the affidavit must be made or used "in any matter within the jurisdiction of any department or agency of the United States; that the jurisdiction of the N.L.R.B. is not invoked until the affidavit is filed and therefore the act of filing is as essential to the commission of the offense as is the act of making the false affidavit. It seems, therefore, too clear for argument that, standing alone, the charge here complained of left open to the jury the right to convict Brown without the proof of one of the elements which we and other Courts of Appeals have found a necessary ingredient, even the gist, of the offense. The government here urges that the definite and clear statement by the court that the element of making and using the affidavit could be satisfied by proof merely of making it is nevertheless subject to the courts'

instruction as to the first ingredient of the crime. The Trial Court in explaining the first ingredient, already mentioned, said:

"Now, the first element of the offense is that the matter must be within the jurisdiction of an agency of the United States. There is no question but that the National Labor Relations Board is an agency of the United States. And, under the Taft-Hartley Act an officer of a labor Union which seeks to be qualified or certified under the Taft-Hartley Act, must file with the National Labor Relations Board a so-called Non-Communist affidavit, must file with the Board an affidavit saying that he is not a member of the Communist Party, that he is not affiliated with the Communist Party. So, the first element of the offense is that it must be shown to your satisfaction beyond a reasonable doubt that this was a matter within the National Labor Relations Board's jurisdiction in that this Defendant was a member of the Union, that he was an officer of the Union, and that in connection with that position in the Union he was required under the Taft-Hartley Act to file this Non-Communist affidavit."

It is the government's contention that since the court charged that the jury must also find that Brown was an officer of the union and as such he was required "to file this Non-Communist affidavit", this required the jury to find before rendering a verdict of guilty, that Brown had either filed or caused to be filed the affidavit in question. Were we considering this matter initially, without the established decisional authority expressly holding that a filing by the accused is a necessary ingredient in the commission of the offense, we might feel that the government's position would be a tenable one. It seems that it might well be considered that a finding could be made that the matter was within the jurisdiction of the National Labor Relations Board without proof that the accused himself

either filed or caused to be filed the particular affidavit that produced favorable action by the N.L.R.B. We think, however, that the matter has now been foreclosed, the courts having repeatedly said that the burden is on the government to prove that there was a filing by or on behalf of the accused.

■ Undoubtedly a charge which expressly, and with emphasis dictated that the jury might find the accused guilty without finding that he had committed one of the essential acts would be prejudicial error requiring a reversal of the judgment of conviction.

The judgment is reversed.